## Dalton's Estate.

*Orphans' court—Amendment of decree—Petition, O. C.*

Where an account and an adjudication show that an award based thereon is to be paid out of the proceeds of sale of real estate sold for the payment of the debts of the decedent, the decree of the court may, fifteen years thereafter, be amended, to show that fact, and a surety on the bond of the administrator has no standing to complain of such amendment. If the surety is aggrieved by laches, he may raise that question in the suit on the bond based on the amended decree.

Argued Oct. 17, 1906. Appeal, No. 48, Oct. T., 1906, by Robert J. Barr, from decree of O. C. Phila. Co., Jan. T., 1891, No. 492, amending prior decree in Estate of Margaret Dalton, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Bill of review. Before PENROSE, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*Alex. Simpson, Jr.,* with him *Charles L. Brown,* for appellant.—The petitioner was guilty of laches: Wehrle's Estate, 205 Pa. 62; Russell's App., 34 Pa. 258; Ashhurst's App., 60 Pa. 290; Neely's App., 85 Pa. 387; Le Moyne's App., 104 Pa. 321; Scott's App., 112 Pa. 427; Baugh's Est., 12 Pa. Dist. Rep. 303; Stayton v. Graham, 139 Pa. 1; Jones's App., 99 Pa. 124; Priestley's App., 127 Pa. 420; Kachline's Est., 7 Pa. Superior Ct. 163; Fletcher's App., 125 Pa. 352.

Perhaps there is no case in the books more nearly like the present than Glasz's Estate, 17 W. N. C. 349, reversed in Appeal of Fidelity Ins., etc., Co., 115 Pa. 157.

*Trevor T. Matthews,* for appellee.

OPINION BY MORRISON, J., March 5, 1907:

This is an appeal of Robert J. Barr from the decree of the orphans' court of Philadelphia county made on an amended bill of review and the answer thereto, as follows, to wit: "And, now, to wit: October 31, 1905, upon consideration of the amended bill of review and the answer thereto, it is ordered and decreed that the prayer of said bill is granted, and the adjudication in the estate of Margaret Dalton, deceased, at No. 492, January Term, 1891, is amended and corrected by inserting on page 3, line 24 et seq. of said adjudication, after the words 'the claim of Charles Beckingham is awarded with interest from the death of decedent, viz., October 16, 1890,' the words, ' out of and from the proceeds of the sale of real estate sold for the payment of the debts of the decedent.' "

On March 15, 1892, an adjudication of the orphans' court was made in the estate of Margaret Dalton, deceased, and of the funds remaining in the hands of the administrator, as shown by his final account, $820 were awarded to Charles Beckingham, the appellee. An inspection of the account of the administrator upon which the adjudication was made clearly shows that the whole sum in the accountant's hands was $1,804, and of this amount $1,750 were the proceeds of the sale of the real estate of the decedent, for the payment of debts, and $54.00 of said sum came from the personal estate. The account also showed that all of the money in excess of $820 had been paid out on preferred claims and the expenses of administration, and, therefore, the money awarded to appellee was the proceeds of the sale of decedent's real estate and nothing else.

The appellant, Robert J. Barr, is the surety on the bond of the administrator, to the commonwealth, to secure the proper distribution of the proceeds of the sale of the real estate under the order of the orphans' court. He does not deny his primary liability as such surety, and, indeed, it is not possible to see how he could do so, unless he denied the execution and delivery of the bond, which he does not do. He does not deny that the administrator failed to pay the appellee the money awarded him by the orphans' court. Nor does he deny that the administrator became insolvent, a fugitive from justice and that he could not be found.

In the common pleas of Philadelphia county, to June Term, 1902, the appellee, Charles Beckingham, brought a suit in the name of the commonwealth against James E. Magee and Robert J. Barr, on said bond to the commonwealth, to recover the amount due him under the said adjudication by the orphans' court. In that case the plaintiff recovered a judgment for the amount of his claim for want of a sufficient affidavit of defense. But on appeal to this court that judgment was reversed for the reason that, " In an action against a surety upon a bond given by an administrator for the sole purpose of securing proper distribution of the proceeds of the sale of real estate for the payment of debts, a statement of claim is insufficient to support a summary judgment which fails to aver that an award made by the orphans' court and claimed by the plaintiff, was a portion of the proceeds of such sale." In that case we also applied the doctrine that the statement of the demand must be self-sustaining. In default of the record showing these necessary ingredients, this court was compelled to reverse that judgment: Commonwealth v. Magee, Appellant, 24 Pa. Superior Ct. 329.

The above, in substance, was all that was decided in that case. We refer to it because it is cited by the learned counsel for the appellant in the case at bar. In our opinion, it comes with bad grace for the appellant to contend against his liability on the bond because the original adjudication by the orphans' court did not affirmatively say that the $820 was to be paid to the appellee out of the proceeds of the sale of the decedent's real estate. If the surety, Robert J. Barr, and his counsel, ever examined the account, the basis of the adjudication, they knew perfectly well that every dollar of the money remaining in the hands of the administrator, at the date of the adjudication, came from the sale of the decedent's real estate.

Coming now to the present appeal which is from the decree of the orphans' court of October 31, 1905, hereinbefore quoted, it is difficult for us to see why it ought not to be sustained. The decree does not, in fact, add to or take from the adjudication of March 15, 1892. It is simply an amendment making plain that which clearly appeared from the account and the adjudication when read together. The petition herein is called an amended bill of review, but it is not clear that a bill of review was necessary. We think the inherent power of any court is

sufficient, on motion, of an interested party, to so amend its decree as to make clear and concise that which was in substance covered by the original decree. We entertain no doubt, whatever, that the orphans' court had the power, on the petition of the attorney for Charles Beckingham, to make the amended decree of October 31, 1905.

The learned counsel for the appellant have made an able argument and cited a large number of authorities for the purpose of convincing us of the laches of the appellee and that he is estopped from pursuing the surety on the bond. We deem it unnecessary to discuss these cases as we discover nothing in any of them, when applied to the present case, warranting us in holding that the appellee was not entitled to have the orphans' court review the adjudication and so amend the decree as to put its meaning beyond controversy. The only parties affected by this amendment are the appellee and the appellant. They were both interested in the account of the administrator, and it was the duty of the appellant to examine the account and ascertain whether or not the accountant had complied with the decree of the court. This was especially so when the accountant became insolvent and a fugitive from justice. Whether or not the plaintiff has been guilty of such laches as will prevent his recovery in his suit pending in the court of common pleas we are not called upon to decide in this case. What we do decide is that the court had ample power, and it was its duty, to so amend its decree as to make clear the adjudication of March 15, 1892, so that there would be no dispute in the common pleas as to the form and substance of the decree of the orphans' court. We think the opinion of the orphans' court fully sustains the amended decree.

We cannot sustain any of the assignments of error. The appeal is dismissed, and the decree affirmed, at the costs of the appellant.